IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARY BLAIR, | : | Civil No. 1:24-CV-02248 |
| Plaintiff, | : | |
| v. | : | |
| J. TERRA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court are Plaintiff's motions to reimburse him a $200.00 appellate filing fee, to examine his medical records with no time limited and to reopen his case, and to reconsider the court's order denying his motion to proceed *in forma pauperis*. (Docs. 31, 32, 33.) For the following reasons, the court will deny his pending motions.

### BACKGROUND AND PROCEDURAL HISTORY

Zachary Blair ("Plaintiff") initiated this action in December of 2024 by filing a complaint and an application to proceed *in forma pauperis*. (Docs. 2, 3, 8.) On January 29, 2025, the court denied Plaintiff's motion to proceed *in forma pauperis* finding that Plaintiff had the means to pay the requisite filing fee. (Doc. 10.) The court granted Plaintiff thirty days to pay the filing fee or the case would be dismissed. (*Id.*) On March 17, 2025, after no filing fee was received, the case was dismissed without prejudice. (Doc. 11.)

1

On April 8, 2025, the court received and docketed from Plaintiff a document titled "Notice Of Appeal." (Doc. 12.) Therefore, the Clerk of Court certified the record and the docket sheet and forwarded the case to the Third Circuit Court of Appeals. This appeal is currently pending under Case No. 25-1680.

On April 20, 2025, Plaintiff sent a letter stating that a $200.00 check was enclosed in the letter. (Doc. 16.) On April 29, 2025, the court responded with a letter informing Plaintiff that no check was enclosed with that letter. (Doc. 20.)

On May 27, 2025, the court received and docketed Plaintiff's motion to have the court compel inmate accounts at SCI-Huntingdon to cut at $200.00 check to pay the court the appellate filing fee. (Doc. 22.)

On June 3, 2025, the court received a payment from Plaintiff in the amount of $200.00 under receipt number 111103775. On June 18, 2025, the court received a check of $605.00 for the Notice of Appeal filing fee under receipt number 111103849.

On June 27, 2025, Plaintiff filed a motion to examine his institutional medical records without a time limit and a motion to reopen his case and be reimbursed a $200.00 appellate filing fee. (Docs. 31, 32.)

On November 4, 2025, the court received and docketed a motion for reconsideration of the court's order denying his motion for leave to proceed *in forma pauperis*. (Doc. 33.) The court will now address these pending motions.

**DISCUSSION**

**A. Plaintiff's Motion to Reopen the Case Will Be Denied Without Prejudice.**

The court will first address Plaintiff's motion to reopen the case and for reimbursement of the $200.00 appellate fee. Plaintiff's motion states that he requested the full filing fee of $405.00 be paid from his inmate account at SCI-Huntingdon on February 7, 2025, and alleges that he did send that filing fee. (Doc. 32.) He further states that just because this court did not receive the filing fee is not grounds for the dismissal of the complaint because he did what the court ordered by sending the fee. (*Id.*) He then goes on to allege that he never filed a notice of appeal and had no idea why an appeal occurred. (*Id.*) Therefore, he asks the court reopen his case and return the $200.00 filing fee. (*Id.*)

Plaintiff's allegations are inaccurate for two reasons. First, Plaintiff filed a notice of appeal on April 8, 2025. (Doc. 12.) On May 30, 2025, the Third Circuit Court of Appeals granted Plaintiff's application to proceed *in forma pauperis* and required the full $605.00 filing fee be paid in installments regardless of the outcome of appeal and ordered the Warden of Plaintiff's facility to make payments towards this total. *Blair v. Terra*, No. 25-1680, Doc. 5-1 (3d. Cir. May 30, 2025). Therefore, Plaintiff's argument that he did not appeal the court's order dismissing the case is inaccurate.

Second, Plaintiff's allegation that he paid the $405.00 filing fee with this court is inaccurate. *See* 28 U.S.C. § 1914. This court has received a total of $805.00 from Plaintiff. First, the court received $200.00 on June 3, 2025. Second, the court received $605.00 on June 18, 2025. The $605.00 represents the notice of appeal filing fee that the Third Circuit Court of Appeal ordered to be withheld from his prison trust fund account. It is unknown why Plaintiff paid this court the sum of $200.00. One possible explanation is that Plaintiff thought he had paid the $405.00 fee already and assumed that he could pay an additional $200.00 to cover the $605.00 notice of appeal filing fee. However, this is an inaccurate assumption. The filing fee for opening a case in the Middle District of Pennsylvania is $405.00 and a separate filing fee for a notice of appeal to the Third Circuit Court of Appeals is $605.00. Therefore, the court will order the return of the $200.00 as an unapplied amount. This leaves Plaintiff's filing fee before this court for his complaint filed in December of 2024 as unpaid. The filing fee associated with Plaintiff's notice of appeal to the Third Circuit Court of Appeals is paid in full.

Since Plaintiff has not paid the required filing fee for this court to consider his complaint, his motion to reopen his case will be denied without prejudice. The court will refund the $200.00 paid on June 3, 2025. In order for Plaintiff to renew his motion to reopen this action, he must pay the full filing fee of $405.00.

## B. Plaintiff's Motion to Examine His Medical Records Will Be Denied Without Prejudice.

Plaintiff has filed a motion seeking an order allowing him to review his medical records without any time constraints. (Doc. 31.) He alleges that the Department of Corrections ("DOC") only allows him to review his medical records every six months and only for a short period of time. (*Id*.) Essentially, Plaintiff is seeking the court to issue a preliminary injunction requiring the DOC to allow an exception to their policy for Plaintiff.

Plaintiff's motion for injunctive relief will be denied because Plaintiff cannot establish a reasonable likelihood of success. "When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) *reversed on other grounds by* 141 S. Ct. 1868 (U.S. 2021). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in

favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

This action is currently closed. Plaintiff cannot establish the likelihood of success in this action, if it is not currently being litigated in this court. Therefore, Plaintiff's motion will be denied with leave to renew if his case is reopened.

### C. Plaintiff's Motion for Reconsideration of the Court's Order Denying His Motion for Leave to Proceed *In Forma Pauperis* Will Be Denied.

Plaintiff is seeking the reconsideration of the court's January 29, 2025 order denying his motion to proceed *in forma pauperis*. (Doc. 33.) In support of his motion, Plaintiff has provided another copy of his prisoner trust fund account statement. (Doc. 33-1.)

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These limited set of circumstances are as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A court may grant a Rule 60(b) motion only in extraordinary circumstances, and in such a motion it is not appropriate to reargue issues that the court has already considered and decided.  *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

Plaintiff has not identified which of the six circumstances applies in this case.  The prisoner trust fund account statements demonstrates that he has the means to pay the $405.00 filing fee, just as it did in January of 2025.  (Docs. 10, 33-1.)  Therefore, the motion will be denied.

## CONCLUSION

For the above stated reasons, Plaintiff's pending motions will be denied.  He may renew his request to reopen his action after he pays the required $405.00 filing fee with the court.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: November 17, 2025